```
                  UNITED STATES DISTRICT COURT

                  WESTERN DISTRICT OF LOUISIANA

                         MONROE DIVISION

RICHARDSON, et al                 CIVIL ACTION NO. 09-0457

VERSUS

MORTON, et al                     U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

MEMORANDUM RULING

Before the court is a motion for summary judgment, doc. #51, filed by one of the defendants, Progressive County Mutual Insurance Company (Progressive).

This case arises out of an automobile accident which occurred when the load on an escorted "wide load" eighteen wheeler shifted and collided with plaintiff's vehicle as it exited the roadway to make room for the wide load. Maybell Slone is the driver of the forward escort vehicle, insured by a commercial liability policy issued by Progressive.

Defendant, Progressive, makes two arguments: First, that by the time the accident occurred, Slone had already done her job to warn of the oncoming wide load and that the accident was not, therefore, caused by her fault; thus Progressive as her insurer has no liability. Second, Progressive argues that the accident did not arise out of the "use of the vehicle" as defined by the policy of insurance.

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that

a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict *412 in her favor." <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 178 (5th Cir.1990) ( citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See <u>Celotex</u>, 477 U.S. at 325, 106 S.Ct. 2548; see also <u>Lavespere</u>, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325,

106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

### Discussion

First, Defendant argues that the plaintiffs have both admitted that they were adequately warned of the approaching wide load and therefore Slone and her insurer, Progressive, can have no liability. This argument was rejected by me in Sloane's motion for summary judgment. See Memorandum Ruling, doc. # 50.

Second, Progressive argues that the only liability that its insured, Slone, can have is due to her failure to obtain the permit, as noted in the Memorandum Ruling. Such, Progressive argues, is not "use of an insured automobile" under its policy. The court agrees. Slone's failure to obtain the permit, even though the permit would have placed parameters on the vehicle's trip, is not use of the vehicle.

However, plaintiffs argue, as they did in opposition to Slone's motion, that Slone could also be liable for failing to stop

traffic, or to force plaintiffs to move even further off the roadway. Therefore, even if defendant is correct that the plaintiffs were adequately warned and that they have admitted that they were adequately warned, that does not eliminate the possibility of Slone's liability for the accident. While a mere possibility is not enough to defeat a motion for summary judgment, here there is enough evidence to create a genuine issue of material fact as to just how and why the accident occurred. Therefore, because Slone's liability arising out of her use of the vehicle has not been eliminated, her insurer, Progressive could also be cast in judgment. Therefore, the motion should be denied.

For these reasons I find that there exist genuine issues of material fact which preclude summary judgment. The motion for summary judgment, doc. #51, is DENIED, except that summary judgment is GRANTED as to any liability of Progressive for Slone's failure to obtain the permit.

Alexandria, Louisiana, March 18, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE